**ANDRES ALFREDO CORREA**
10420 El Rancho Drive
Whittier, CA 90606
Telephone:  (562) 587-8569
Email: andrewcorrea425@gmail.com

Plaintiff, In Pro Se

**FILED**
CLERK, U.S. DISTRICT COURT
1/26/22
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CS___ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES CORREA, an individual, | Case No. CV22-581-VBF(MAA) |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. Municipal Liability for Unconstitutional Custom, Practices or Policies (42 U.S.C. §1983) |
| WHITTIER POLICE DEPARTMENT; CITY OF WHITTIER, and DOES 1-10 et al. | 2. Malicious Prosecution (42 U.S.C. §1983) |
| Defendant(s). | 3. False Arrest/False Imprisonment |
| | 4. Intentional Infliction of Emotional Distress |
| | 5. Violation of Bane Act (Cal. Civil Code §52.1) |
| | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, ANDRES ALREDO CORREA, (hereinafter referenced by "PLAINTIFF") by and through his own personal knowledge and upon information and belief, allege and claim as follows:

///

///

///

## INTRODUCTION

This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the below incident(s).

On March 3, 2021, PLAINTIFF, was unlawfully arrested outside of his home located at 10420 El Rancho Drive, Whittier, CA 90606. At this time, PLAINTIFF was attempting to remove his belongings from the residence that at the time he shared with his ex-wife. Officers of the Whittier Police Department, (hereinafter, "OFFICERS"), responded to a call from the residence and handcuffed PLAINTIFF, instructing to PLAINTIFF that he was under arrest for domestic violence, but failed to mirandize PLAINTIFF. PLAINTIFF asked if he was free to leave or being detained, and OFFICERS stated he was under arrest and would be taken to and processed at the Whittier Police Department (hereinafter "WPD") and was not free to leave. PLAINTIFF was then placed in the back of a police patrol unit and transported to WPD. Thereafter, PLAINTIFF was searched, booked and processed at WPD, and placed into a jail cell where was informed that he would appear before a judicial officer the following day and can only be released prior to appearing if PLAINTIFF posted bail in the amount of $50,000.00. PLAINTIFF posted bail within the required time-frame and was released from WPD on bail and informed of his future court date. In the process of having to post bail and as a result of the impeding arrest, PLAINTIFF incurred substantial financial costs related directly to the false arrest/imprisonment at the hands of WPD.

## PARTIES

At all times relevant to this Complaint, PLAINTIFF was an individual residing in Los Angeles County, CA.

At all times, relevant to this Complaint, DEFENDANT, City of Whittier (hereafter "CITY"), is a municipal corporation operating in Los Angeles, CA and operating the Whittier City Police Department and employing the individual defendant officers ( DOES 1-10), who were acting within the scope of their employment.

Plaintiff is truly ignorant of the true names and capacities of DOES 1-10, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this Complaint once their true identities have been ascertained as well as the facts giving rise to their liability.

At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

At all relevant times, DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and nonelected officials.

In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of CITY.

At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

## GENERAL ALLEGATIONS

1. Jurisdiction is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §1331 and 28 U.S.C §1343(3) and (4), et seq.

2. This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. §1367(a).

3. Venue is proper within the Central District of California because the acts or omissions which form the basis of the PLAINTIFF'S claims occurred in Whittier, CA., within the Central District.

4. Plaintiffs have complied with Government Code §800 *et seq*.

## VENUE

5. Venue is proper because the Plaintiff in this action is a resident of the State of California and the subject accident occurred in the city of Whittier CA, within the city boundaries of Los Angeles, CA. located in the Central District of California.

///

///

///

## STATEMENT OF FACTS

6. On or around March 3, 2021, PLAINTIFF was instructed by DEFENDANT, Whittier Police Department that in order to be freed from jail, he'd need to post bond in the amount of $50,000.00. PLAINTIFF was not liquid in the amount of $50,000.00 and retained the services of Aladdin Bail Bonds to post a bond with the courts. PLAINTIFF incurred a non-refundable fee in amount of $4,015.00. (Exhibit A: Aladdin Bail Bond Statement).

7. On or around March 6, 2021, PLAINTIFF consulted and retained a criminal defense attorney for a criminal claim against him by DEFENDANT, Whittier Police Department. Said attorney retainer fees were non-refundable, Defendant incurred a loss of $3,800.00 in order to obtain legal representation against DEFENDANT, Whittier Police Department.

8. On or around, April 20, 2021, PLAINTIFF received a certified letter from the Whittier Police Department stating that the "arrest" that occurred on March 3, 2021 was deemed to be a "detainment" and not an arrest and subsequently would only be declared a "detainment:. The document was signed by H. Hernandez, of Whittier Police Department, #891, PSA II, a "Detention Certificate", per Penal Code Section 849, 849.5 and 851.6

9. On or around, August 2021, PLAINTIFF served his claim for damages with CITY pursuant to applicable sections of the California Government Code.

10. On or around October 2021, PLAINTIFF received a response from City of Whittier Claims administrator stating that DEFENDANT, City of Whittier would not be held responsible for the damages incurred by the PLAINTIFF as a result of this arrest and any fees incurred are solely the responsibility of PLAINTIFF.

11. On or around November 2021, PLAINTIFF received yet another response, only after initiating a phone call to handling claims administrator, from City of Whittier, Board of Supervisors stating that upon further review of Claim filed on or around August 2021, the City reaffirms that no liability will be accepted by DEFENDANTS and no further action will be taken.

12. PLAINTIFF realleges and incorporates by reference all of the paragraphs above complaint for damages.

///

**FIRST CLAIM FOR RELIEF**

**13. Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983) (By PLAINTIFF against Defendants, WHITTIER POLICE DEPARTMENT, Does 1-10 and CITY)**

14. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 12 of this Complaint with the same force and effect as if fully set forth herein.

15. On and for some time after to March 2, 2021, Defendants collectively deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

   (a) Employing and retaining as police officers and other personnel, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

   (b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

   (c) By failing to adequately train officers, and failing to institute appropriate policies, regarding the use of excessive force, including unlawful detainment.

   (d) By having and maintaining an unconstitutional policy, custom, and practice of unlawful detainment/arrest, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 1-10 and CITY, were done

with a deliberate indifference to individuals' safety and rights; and

(e) Of totally inadequately training CITY Police Officers and personnel, with respect to informing citizens they are under arrest, placing them under arrest, not mirandizing, and then subsequently demanding excessive bail fees to be released from their custody which is not consistent nor legal for individuals whom are actually only being "detained."

16. By reason of the aforementioned policies and practices of Defendants, and DOES 1-10, PLAINTIFF was irreversibly injured and subjected to pain and suffering as well as a loss of liberty.

17. Defendants and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

18. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 1-10, acted with an intentional, reckless, and callous disregard for the PLAINTIFF and his afforded constitutional rights. Defendants DOES 1-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

19. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 1-10, were affirmatively linked to and were a significantly influential force behind the damages suffered by the Plaintiff.

20. By reason of the aforementioned acts and omissions of Defendants DOES 1-10, Plaintiff has suffered loss of liberty, society, future support and possible employment with other law enforcement agencies.

21. Accordingly, Defendants DOES 1-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

///

22. Plaintiff reaffirms his right to later amend this complaint to reflect more factual information or attached relevant documentation to better assert his claim.

## SECOND CLAIM FOR RELIEF

**23. Malicious Prosecution against Defendants, collectively, Civil Rights Action 42 U.S.C §1983**

24. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by reference.

25. Defendants intentionally and maliciously instituted a legal action against Plaintiff without probable cause, the criminal case against Plaintiff was dismissed, not found and Plaintiff was never brought up on formal charges, resulting in the favor of the Plaintiff.

26. Defendant, WPD, affirms via written certification that Plaintiff was never under arrest, only detainment and said arrest would be erased from Plaintiff's record. Yet, Plaintiff was held, suffered loss of liberty and freedom, and could only achieve freedom by paying bail in the amount of $50,000.00.

27. Plaintiff was subject to humiliation, fear, and pain and suffering by the illegal acts of the Defendant's actions.

28. Plaintiff is entitled to compensatory damages, punitive damanges, attorney's fees under 42 U.S.C §1988, and all applicable law, and such additional relief as the Court deems just and fair.

## THIRD CLAIM FOR RELIEF

**29. Civil Rights Action (42 U.S.C. §1983) False Arrest/False Imprisonment against Defendants, collectively.**

30. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by reference.

31. Plaintiff had a firmly established right under the Fourth amendment to be free from arrest without probably cause. Defendants, WPD and Does 1-10 arrested Plaintiff despite the fact that he had committed no crime and would later not be formally charged and was in their own words, only detained.

///

///

32. During the relevant period, Defendants and Does 1-10 were acting under the color and pretense of the law to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the City of Whittier.

33. The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of his rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and the laws of the United States. Defendants collectively, acted with callous disregard for the constitutionally protected rights of the Plaintiff.

34. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of the Defendants, collectively, and suffered injuries as a result of the Defendants' actions.

35. Defendants unlawfully detained Plaintiff for an unreasonable amount of time after they knew or should have known that no charges would be formally filed and Plaintiff was not subject to arrest. Defendants further forced Plaintiff to pay monetary bail in exchange to be released although Defendant reaffirms that Plaintiff was never under arrest, only detainment. In which, bail monies are not required to be released.

36. False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.

37. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of California Civil Code §3294 et seq. and punitive damages should be assessed against each Defendant for the purpose of punishment and for the sake of example.

38. As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

39. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. §1988, and all applicable law, and such additional relief as the Court deems just and fair.

## FOURTH CLAIM FOR RELIEF

**40. Intentional Infliction of Emotional Distress against Defendants, collectively.**

41. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

///

42. By engaging in the acts alleged herein, Defendants, collectively, engaged in outrageous and reckless conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

43. As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct of the Defendants as the direction cause of the emotional distress suffered by Plaintiff.

44. The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for sake of example.

**FIFTH CLAIM FOR RELIEF**

**45. Violation of Bane Act, California Civil Rights Violation (Section 52.1) against all Defendants, collectively.**

46. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

47. Plaintiff had a firmly established right to be free from excessive force, unlawful detainment, and free from false arrest and false imprisonment under the Fourth Amendment through the Fourteenth Amendment to the United States Constitution, and the equivalent provisions of the California Constitution.

48. The California Legislature has declared that it violates our state civil rights acts for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats or coercion.

49. The Defendants interfered with the Plaintiff's rights under the Fourth Amendment of the United States Constitution and the equivalent provisions of the state Constitution by the use of force alleged above.

50. This interference with the rights of the Plaintiff were perpetrated by Defendants in violation of California Civil Code §52.1 and their right under the Fourth and Fourteenth Amendment to the United States Constitution and the California Constitution.

9
COMPLAINT FOR DAMAGES

51. Due to the violation of Plaintiff's rights by all Defendants, Plaintiff suffered economic damages and non-economic damages, including, but not limited to, emotional distress, pain and suffering, medical expenses and fear caused by the acts complained of herein according at proof at the time of the trial.

52. Plaintiff is also entitled to the statutory civil penalties set forth in Civil Code §52.1, attorneys fees and the costs of suit incurred herein.

53. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294 et seq. and punitive damages should be assessed against each non-municipal defendant for the purpose of punishment and for the sake of example. Defendant, City of Whittier, is also liable for the acts of its officers as they have agreed with and/or ratified the acts.

## PRAYER

**WHEREFORE,** Plaintiff prays for judgment against each Defendant, as follows:

1. General Damages in the amount to be proven at trial;
2. Damages for medical and related expenses according to proof;
3. Damages for loss of earnings, according to proof:
4. Damages for loss of earnings capacity according to proof;
5. Damages for loss incurred as a result of retaining an attorney and posting bond to be freed from jail;
6. For other and future general and special damages in a sum according to proof at the time of trial;
7. Interest according to law;
8. For costs of suit incurred herein; and
9. For such other and further relief as this Court deems just and proper.

### I.    DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for the above-entitled action.

///

///

DATED: January 26, 2022	Respectfully submitted,

/s/ Andres Alfredo Correa
ANDRES ALFREDO CORREA
Plaintiff in *Pro Se*

**EXHIBIT A**

**SEAVIEW INSURANCE COMPANY**

Designated Agent/Person
to receive all notices:

1000 Aviara Parkway, Suite 300
Carlsbad, CA 92011
Telephone (800) 808-2245 Fax (760) 431-2698

**ALADDIN BAIL BONDS**
**CLAIMS DIVISION**
6868 Santa Teresa Blvd.
San Jose, CA 95119
Telephone (408) 350-9180 Fax (408) 487-8692
License # 1843442
LOCAL OFFICE PHONE NUMBER: 626-450-7700

(PLACE BAIL AGENT'S ADDRESS STAMP HERE)

# BAIL BOND

NO. SV50-5121320
(POWER OF ATTORNEY WITH THIS NUMBER MUST BE ATTACHED)

IN THE  Superior  COURT OF THE  BELLFLOWER  JUDICIAL DISTRICT
COUNTY OF  LOS ANGELES , STATE OF  California
THE PEOPLE OF THE STATE OF  California

vs.                                    Plaintiff,          CASE NO.  21-001223
Correa, Andres Alfredo                                     DIV NO.
                           Defendant.

Defendant  Correa, Andres Alfredo                          6075180
            (NAME OF DEFENDANT)                            BOOKING NO.

having been admitted to bail in the sum of
***Fifty Thousand Dollars And No Cents***
Dollars ($ 50,000.00 ) and ordered to appear in the above-entitled court
on  7/14/2021 8:30:00AM , on  273.5(a):PC, 245(a)(1):PC  charge/s;
    (DATE OF APPEARANCE)      (STATE "MISDEMEANOR" OR "FELONY")

Now the SEAVIEW INSURANCE COMPANY, a California Corporation, hereby undertakes that the above-named defendant will appear in the above-named court on the date above set forth to answer any charges in any accusatory pleading based upon the acts supporting the complaint filed against him/her and as duly authorized amendments thereof, in whatever court it may be filed and prosecuted, and will at times hold him/herself amenable to the orders and process of the court, and if convicted, will appear for pronouncement of judgment or grant of probation; or if he/she fails to perform either of these conditions, that the SEAVIEW INSURANCE COMPANY, a California Corporation, will pay the people of the said State the sum of

***Fifty Thousand Dollars And No Cents***
Dollars ($ 50,000.00 )

If the forfeiture of this bond be ordered by the Court, judgment may be summarily made and entered forthwith against the said SEAVIEW INSURANCE COMPANY, a California Corporation, for the amount of its undertaking herein as provided by State Law.

THIS BOND IS VOID IF WRITTEN FOR AN AMOUNT GREATER THAN THE POWER OF ATTORNEY ATTACHED HERETO, IF MORE THAN ONE SUCH POWER IS ATTACHED, OR IF WRITTEN AFTER THE EXPIRATION DATE AS SPECIFIED ON THE ATTACHED POWER OF ATTORNEY.

SEAVIEW INSURANCE COMPANY
(A California Corporation)

By _____ (SEAL)
     PETER BOTZ
     ATTORNEY-IN-FACT

I certify under penalty of perjury that I am a licensed bail agent of the SEAVIEW INSURANCE COMPANY
and that I am executing this bond on  3/3/2021
                                       (DATE)
at _____
                Whittier, CA
                (LOCATION)

_____
(SIGNATURE OF LICENSED AGENT)

THE PREMIUM CHARGE
FOR THIS BOND IS $  5,000.00

Approved this _____ day of _____, 20 ___
                                           (TITLE)

NOTE: This is an Appearance Bond and cannot be construed as a guarantee for failure to provide payments, back alimony payments, fines, or Wage Law claims, nor can it be used as a Bond on Appeal.

SV-0001

**SEAVIEW INSURANCE COMPANY**

**Aladdin BAIL BONDS**
We get you out. We get you through it.®

**STATEMENT of CHARGES**
Account Number: 85030-36580

Aladdin Bail Bonds - EL MONTE
11430 Valley Blvd.
El Monte, CA 91731

**Expenses (Itemized)**
Bond Fee: $15.00

**Was Collateral Taken:** No
**Type:** None

| Power Numbers |
|---|
| SV50-5121320 |

| | |
|---|---:|
| Date: | 08/14/2021 |
| Total Premium: | $4,000.00 |
| Total Expenses: | $15.00 |
| Total Charges: | $4,015.00 |
| Received on Account: | $4,015.00 |
| Balance: | $0.00 |

Agent Name: Zambrano, Marco

**MEMORANDUM OF BAIL BOND FURNISHED**

| DEFENDANT | Correa, Andres Alfredo | DATE OF BIRTH | 4/25/1985 | DATE FILED | 3/3/2021 |
|---|---|---|---|---|---|
| JAIL NAME | Whittier Jail | LOCATION | Whittier, CA | BOOKING # | 6075180 |

| BOND NO. | SV50-5121320 | CASE NO. | 21-001223 | BOND AMOUNT $ | 50,000.00 |
|---|---|---|---|---|---|
| CHARGES | 273.5(a):PC, 245(a)(1):PC | | | COURT | Superior |
| APPEARANCE DATE | 7/14/2021 | TIME | 8:30 am  LOCATION | | BELLFLOWER |
| REWRITE BOND NO. | N/A | | ORIGINAL AMNT $  N/A | PREMIUM $ | 4,000.00 |

**TOTAL BAIL AMOUNT**          $50,000.00
**TOTAL PREMIUM**              $4,000.00

RECEIVED COPY OF ABOVE RECEIPT

Page 1 of 1
8/14/2021

ALSC-60