**ANDRES ALFREDO CORREA**
10420 El Rancho Drive
Whittier, CA 90606
Telephone:   (562) 587-8569
Email: andrewcorrea425@gmail.com

Plaintiff, In Pro Se

**FILED**
CLERK, U.S. DISTRICT COURT
8/7/23
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ nne _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES CORREA, an individual, | **Case No. 2:22-CV-00581-VBF-MAA** |
| Plaintiff, | **PLAINTIFF, ANDRES CORREA'S, FIRST AMENDED COMPLAINT FOR DAMAGES** |
| vs. | |
| WHITTIER POLICE DEPARTMENT; CITY OF WHITTIER, and DOES 1-10 et al. | 1. Municipal Liability (42 U.S.C. §1983)
2. False Arrest/False Imprisonment
3. Negligent Infliction of Emotional Distress
4. Violation of Bane Act (Cal. Civil Code §52.1) |
| Defendant(s). | |
| | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, ANDRES ALREDO CORREA, (hereinafter referenced by "PLAINTIFF") by and through his own personal knowledge and upon information and belief, allege and claim as follows:

///

///

///

///

1
**PLAINTIFF, ANDRES CORREA'S FIRST AMENDED COMPLAINT FOR DAMAGES**

## INTRODUCTION

This first amended civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the below incident(s).

On March 3, 2021, PLAINTIFF, was unlawfully arrested outside of his home located at 10420 El Rancho Drive, Whittier, CA 90606. At this time, PLAINTIFF was attempting to peacefully and lawfully remove his personal property from the residence that at the time he shared with his now ex-wife. Officers of the Whittier Police Department, (hereinafter, "OFFICERS"), responded to a call from the residence and handcuffed PLAINTIFF, instructing PLAINTIFF that he was under arrest for domestic violence, but failed to mirandize PLAINTIFF. PLAINTIFF asked if he was free to leave or being detained, and OFFICERS stated he was under arrest and would be taken and processed at the Whittier Police Department (hereinafter "WPD") and was not free to leave. PLAINTIFF was then placed in the back of a police patrol unit and transported to WCPD. Thereafter, PLAINTIFF was searched, booked and processed at WPD, and placed into a jail cell where was informed that he would only be released from jail if PLAINTIFF posted bail in the amount of $50,000.00. PLAINTIFF was denied his right to an arraignment before a judicial officer as PLAINTIFF repeatedly requested. PLAINTIFF posted bail within the required time-frame and was released from WPD on bail and informed of his future court date. In the process of having to post bail and as a result of the impeding arrest, PLAINTIFF incurred substantial financial costs related directly to the false arrest/imprisonment and other such claims as stated in this amended complaint at the hands of Defendants, collectively, and WPD.

## PARTIES

At all times relevant to this Complaint, PLAINTIFF was an individual residing in Los Angeles County, CA.

At all times, relevant to this Complaint, DEFENDANT, City of Whittier, was a municipal corporation operating in Los Angeles, CA and operating the Whittier City Police Department and employing the individual defendant officers, who were acting within the scope of their employment.

2

**PLAINTIFF, ANDRES CORREA'S FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiff is truly ignorant of the true names and capacities of DOES 1-10, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this Complaint once their true identities have been ascertained as well as the facts giving rise to their liability.

At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

At all relevant times, Defendants DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and nonelected officials.

In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of CITY.

At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

## GENERAL ALLEGATIONS

1. Jurisdiction is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §1331 and 28 U.S.C §1343(3) and (4), et seq.

2. This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. §1367(a).

3. Venue is proper within the Central District of California because the acts or omissions which form the basis of the PLAINTIFF'S claims occurred in Whittier, CA., within the Central District.

4. Plaintiffs have complied with Government Code §800 *et seq*.

## VENUE

5. Venue is proper because the Plaintiff in this action is a resident of the State of California and the subject accident occurred in the city of Whittier CA, within the city boundaries of Los Angeles, CA. located in the Central District of California.

///

///

3

**PLAINTIFF, ANDRES CORREA'S FIRST AMENDED COMPLAINT FOR DAMAGES**

**STATEMENT OF FACTS**

6. On or around March 3, 2021, PLAINTIFF was advised by DEFENDANT, Whittier Police Department that in order to be freed from jail, he'd need to post bond in the amount of $50,000.00. PLAINTIFF was not liquid in the amount of $50,000.00 and retained the services of Aladdin Bail Bonds to post a bond with the courts. PLAINTIFF incurred a non-refundable fee in amount of $4,015.00. (Exhibit A: Aladdin Bail Bond Statement).

7. On or around March 6, 2021 PLAINTIFF consulted and retained a criminal defense attorney for a criminal claim against him by DEFENDANT, Whittier Police Department. Said attorney retainer fees were non-refundable, Defendant incurred a loss of $3,800.00 in order to obtain legal representation against DEFENDANT, Whittier Police Department.

8. On or around, PLAINTIFF received a certified letter from the Whittier Police Department stating that the "arrest" that occurred on March 3, 2021 was deemed to be a "detainment". The document was signed by H. Hernandez, of Whittier Police Department, #891, PSA II, a "Detention Certificate", per Penal Code Section 849, 849.5 and 851.6.

9. On or around August 2021, PLAINTIFF served his claim for damages with CITY pursuant to applicable sections of the California Government Code.

10. On or around October 2021, PLAINTIFF received a response from City of Whittier Claims administrator stating that DEFENDANT, City of Whittier would not be held responsible for the damages incurred by the PLAINTIFF as a result of this arrest and any fees incurred are solely the responsibility of PLAINTIFF.

11. On or around November 2021, PLAINTIFF received yet another response, only after demanding a call back, from City of Whittier, Board of Supervisors stating that upon further review of Claim filed on or around August 2021, the City reaffirms that no liability will be accepted by DEFENDANTS and no further action will be taken.

12. PLAINTIFF realleges and incorporates by reference all of the paragraphs above amended complaint for damages.

///

///

4

**PLAINTIFF, ANDRES CORREA'S FIRST AMENDED COMPLAINT FOR DAMAGES**

**FIRST CLAIM FOR RELIEF**

13. **Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983) (By PLAINTIFF against Defendants, WHITTIER POLICE DEPARTMENT, Does 1-10 and CITY)**

14. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

15. On and for some time after March 2, 2021, Defendants collectively deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom policy and practice of:

    (a) Employing and retaining as police officers and other personnel, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

    (b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (c) By failing to adequately train officers, and failing to institute appropriate policies, regarding the use of excessive force, including unlawful detainment.

    (d) By having and maintaining an unconstitutional policy, custom, and practice of unlawful detainment/arrest, which also is demonstrated by inadequate training regarding these subjects. The

**PLAINTIFF, ANDRES CORREA'S FIRST AMENDED COMPLAINT FOR DAMAGES**

     policies, customs, and practices of DOES 1-10 and CITY, were done

     with a deliberate indifference to individuals' safety and rights; and

     (e) Of totally inadequately training CITY Police Officers and personnel,

     with respect to informing citizens they are under arrest, placing them under arrest,

     not mirandizing, and then subsequently demanding excessive bail fees to be

     released from their custody which is not consistent nor legal for individuals

     whom are actually only being "detained."

16.  By reason of the policies and practices of Defendants, and DOES 1-10, PLANTIFF was irreversibly injured and subjected to pain and suffering as well as a loss of liberty.

17.  Defendants and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions, and inactions, thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

18.  By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants and DOES 1-10, acted with an intentional, reckless, and callous disregard for the Plaintiff, and his afforded constitutional rights. Defendants DOES 1-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

19.  Furthermore, the policies, practices and customs implemented and maintained and still tolerated by Defendants DOES 1-10, were affirmatively linked to and were a significantly influential force behind the damages suffered by the Plaintiff.

20.  By reason of the aforementioned acts and omissions of Defendants DOES 1-10, Plaintiff has suffered loss of liberty, society, future support and possible employment with other law enforcement agencies.

21.  Accordingly, Defendants DOES 1-10, each are liable to Plaintiff's for compensatory damages under 42 U.S.C 1983.

**PLAINTIFF, ANDRES CORREA'S FIRST AMENDED COMPLAINT FOR DAMAGES**

22. WPD is the law enforcement agency in the City of Whittier, Los Angeles County, California.

23. Municipal liability can be attached under Monell v. Department of Social Services, 436 U.S. 658 (1978), for even a single decision made by a final policy maker in certain circumstances, regardless of whether or not the action is taken once or repeatedly. *See Penbaur v. City of Cincinnati*, 475 U.S. 469, 481. 106 S. Ct 1292, 89 L. Ed. 2d 452 (1986) If an authorized policymaker approves a subordinate's decision and the basis for it, such ratification would be chargeable to the municipality under Monell. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)

24. Defendant, City of Whittier and Whittier Police Department, as policy maker for City of Whittier and Whittier Police Department, has a custom, practice, pattern and/or procedure of hiring police officers whom have violated the civil rights and liberties of the residents of the City of Whittier.

25. Here, Plaintiff was unlawfully placed under arrest, subject to humiliation, embarrassment, and severe emotional distress as a result of the actions of Defendants, collectively.

26. As a direct and proximate result of the Defendant's customs, practices, patterns, and/or procedures as stated herein above, Plaintiff's rights guaranteed to him by the Fourth Amendment of the United States Constitution were violated.

27. As a direct and proximate result of the Defendant's unreasonable and unlawful actions, the Plaintiff has suffered and continues to suffer substantial past and future medical damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation and pain and suffering.

28. Pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), the City of Whittier and the WPD, through its policymakers (and possibly other policymakers whose identities are not yet known) are liable for the harms and losses sustained by Plaintiff.

29. Plaintiff reaffirms his right to further amend this complaint to reflect more factual information or attach relevant documentation to better assert his claim.

## SECOND CLAIM FOR RELIEF

**30. Civil Rights Action (42 U.S.C. 1983) False Arrest/False Imprisonment against Defendants, collectively.**

7

**PLAINTIFF, ANDRES CORREA'S FIRST AMENDED COMPLAINT FOR DAMAGES**

31. Plaintiff realleges all prior paragraphs of this amended complaint and incorporates the same herein by reference.

32. Plaintiff had a firmly established right under the Fourt amendment to be free from arrest without probable cause. Defendants, WPD and Does 1-10 arrested Plaintiff despite the fact that he had committed no crime and would later not be formally charged. To cite the words of Defendant, City of Whittier, Plaintiff was merely "detained".

33. During the relevant period, Defendants and DOES 1-10, were acting under the color and pretense of the law to wit: under color of the statues, ordinances, regulations, customs and usages of the State of California and the City of Whittier.

34. The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of his rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and the laws of the United States. Defendants, collectively, acted with callous disregard for the constitutionally protected rights of the Plaintiff.

35. Plaintiff was subjected to humiliation, fear and pain and suffering by the illegal acts of the Defendants, collectively, and suffered injuries as a result of the Defendants' actions.

36. Defendants unlawfully detained Plaintiff for an unreasonable amount of time after they knew or should have known that no changes would be formally filed and Plaintiff was not subject to arrest. Defendants further forced Plaintiff to pay monetary bail in exchange to be released from incarceration, although Defendant reaffirms that Plaintiff was never under arrest, only Detainment. In which, bail monies are not required to be released as with "arrest".

37. False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short that may be.

38. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of California Civil Code 3294 et seq. and punitive damages should be assessed against each Defendant for the purpose of punishment and for the sake of example.

39. As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

8

**PLAINTIFF, ANDRES CORREA'S FIRST AMENDED COMPLAINT FOR DAMAGES**

40. Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees under 42 U.S.C 1988, and all applicable law, and such additional relief as the Court deems just and fair.

41. On or around March 3, 2021, Defendant was peacefully attempting to remove his belongings from the home he shared with his now ex-wife of which he was legally listed as a tenant on the lease.

42. Upon attempting to peacefully his belongings, Whittier Police Department arrived and began placing him under arrest.

43. Plaintiff stated to police officers that he was just removing his items from the residence and would be leaving thereafter;

44. Police officers began to place Plaintiff under arrest without reading him his Miranda Rights and neither informing him as to the cause of the arrest.

45. Plaintiff was placed in handcuffs, placed in the back of the black and white marked vehicle and transported to Whittier Police Department.

46. Plaintiff was booked and processed into the jail and informed that he would be charged with felony domestic violence charges and his bail amount was $50,000.00.

47. Plaintiff was informed that if he could not post bond, he could contact a bail bond company and request assistance.

48. Plaintiff requested that he wanted to see a judicial officer to explain his situation but was informed that a judicial officer would not be an option and the only way Plaintiff was leaving jail was by posting $50,000.00 bond.

49. Plaintiff ultimately contacted Aladdin bail bond and requested assistance in fear of losing his employment, personal belongings, minor children, vehicles, and such else.

50. Plaintiff argues that he was wrongfully denied a timely arraignment as to plea his innocence to a judge before being imposed monetary bail to be released from imprisonment.

51. For these reasons, Plaintiff is reasserting that he was falsefully imprisoned and falsefully arrested and denied freedom from said imprisonment.

### THIRD CLAIM FOR RELIEF

**52.     Intentional infliction of emotional distress against Defendants, collectively.**

9

**PLAINTIFF, ANDRES CORREA'S FIRST AMENDED COMPLAINT FOR DAMAGES**

53. Plaintiff realleges all prior paragraphs of this amended complaint and incorporate the same herein by this reference.

54. By placing Plaintiff under arrest in front of his minor children and denying him his civil liberties, freedoms and rights, Defendants, collectively, engaged in actions that were atrocious, intolerable, and so extreme and outrageous as to exceeds the bounds of decency.

55. Defendants actions collectively caused Plaintiff to suffer emotional distress as he was arrested, booked and processed into jail for simply removing his belongings from his home.

56. As a direct and proximate result of the Defendant's, collectively, unreasonable and unlawful actions, the Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, disfigurement, and physical pain and suffering.

57. By engaging in the acts alleged herein, Defendants, collectively, engaged in outrageous and reckless conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

58. As a direct, proximate and foreseeable result, Plaintiff has suffered severe emotional distress and the outrageous conduct of the Defendants as the direction cause of the emotional distress suffered by Plaintiff.

59. The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

**FOURTH CLAIM FOR RELIEF**

60. **Violation of Bane Act, California Civil Rights Violation (Section 52.1) against all Defendants, collectively.**

61. Plaintiff realleges all prior paragraphs of this amended complaint and incorporate the same herein by this reference.

62. Plaintiff had a firmly established right to be free from excessive force, unlawful detainment, and free from false arrest and false imprisonment under the Fourth Amendment through the

Fourteenth Amendment to the United States Constitution, and the equivalent provisions of the California Constitution.

63. The California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise of or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats or coercion.

64. The Defendants' interfered with the Plaintiff's rights under the Fourth Amendment of the United States Constitution and the equivalent provisions of the state Constitution by the use of force alleged above.

65. This interference with the rights of the Plaintiff were perpetrated by Defendants in violation of California Civil Code 52.1 and their rights under the Fourth and Fourteenth Amendment to the United States Constitution and the California Constitution.

66. Here, Plaintiff reaffirms that he had every right to peacefully enter his residence and retrieve all of his personal belongings and property.

67. Plaintiff was denied his right to exercise his civil liberties under the United States and California constitution, including his Fourth and Fourteenth Amendments rights, loss of liberties, and to inhabit his own dwelling.

68. As a result of Defendants' actions, collectively, Plaintiff suffered irreparable harm, both financially, psychologically, emotionally and such further.

69. Further, because Defendants collectively denied Plaintiff his right to freedom as is his basic civil right, Defendants intentionally interfered with his rights by intimidation and coercion.

70. Claims may be brought under Section 52.1, subdivision (a), against rights-interfering conduct by private actors as well as by public officials (See *Jones v Kmart Corp*. (1988),, 17 Cal.4th at p. 338, 70 Cal.Rptr.2d 844, 949 P.2d 941), including police officers (*Simmons v. Superior Court* (2016) 7 Cal.App.5th 1113, 212 Cal.Rptr.3d 884 (*Simmons*)). The word "interferes" as used in Section 52.1 has been construed as "violates." (See *Jones v Kmart Corp*. (1988), 17 Cal.4th at p. 338, 70 Cal.Rptr.2d 844, 949 P.2d 941 [California Supreme Court equates "interfere" with "violate"].) " The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threats, intimidation or

coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." (*Simmons*, at p. 1125, 212 Cal.Rptr.3d 884; accord, *Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 883, 57 Cal.Rptr.3d 454.)

71. Due to the violation of Plaintiff's rights by all Defendants, Plaintiff suffered economic damages, and non-economic damages, including but not limited to, emotional distress, pain and suffering, medical expenses and fear caused by the acts complained of herein according to proof at the time of the trial.

72. Plaintiff is also entitled to the statutory civil penalties set forth in Civil Code 52.1, attorneys fees and the costs of suit incurred herein.

73. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294 et seq and punitive damages should be assessed against each non-municipal defendant for the purpose of punishment and for the sake of example. Defendant, City of Whittier, is also liable for the acts of its officers as they have agreed with and/or ratified the acts.

## PRAYER

**WHEREFORE,** Plaintiff prays for judgment against each Defendant, as follows:

1. General Damages in the amount to be proven at trial;
2. Damages for medical and related expenses according to proof;
3. Damages for loss of earnings, according to proof:
4. Damages for loss of earnings capacity according to proof;
5. Damages for loss incurred as a result of retaining an attorney;
6. Damages for loss incurred posting bond to be released from incarceration;
7. For other and future general and special damages in a sum according to proof at the time of trial;
8. Interest according to law;
9. For costs of suit incurred herein; and
10. For such other and further relief as this Court deems just and proper.

12

**PLAINTIFF, ANDRES CORREA'S FIRST AMENDED COMPLAINT FOR DAMAGES**

///

///

## I.     DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for the above-entitled action.

DATED: August 7, 2023            Respectfully submitted,

By: *Andres Alfredo Correa*
       Andres Alfredo Correa,
       Plaintiff in *Pro Se*

PROOF OF SERVICE

I, Andres Correa, declare as follows:

At the time of service, I was at least 18 years of age.

I served electronically copies of the following:
**PLAINTIFF, ANDRES CORREA'S FIRST AMENDED COMPLAINT FOR DAMAGES**

on all parties in this action below on August 7, 2023 by end of business day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Counsel for Defendants, City of Whittier and Whittier Police Department

Jeremy B. Warren; jw@jones-mayer.com
Melissa Ballard; mmb@jones-mayer.com
James R. Touchstone; jrt@jones-mayer.com

DATED:  August 7, 2023

By: *Andres Alfredo Correa*
Andres Alfredo Correa,

**PROOF OF SERVICE**